**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 12a0521n.06**

**No. 11-5587**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>May 21, 2012<br>LEONARD GREEN, Clerk |
|  | ) |  |
| **Plaintiff-Appellee,** | ) |  |
|  | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| ROBERT RAINEY, | ) | DISTRICT OF TENNESSEE |
|  | ) |  |
| **Defendant-Appellant.** | ) | **O P I N I O N** |

BEFORE: NORRIS, CLAY, and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Defendant Robert Rainey and his wife, Elizabeth, were charged in a one-count information with conspiracy to defraud Elizabeth's employer, Direct General Insurance Corporation ("Direct General"), by issuing false claims checks and then diverting the funds to their own use, in violation of 18 U.S.C. § 371. They both pleaded guilty; however, only Robert's sentence is the subject of this appeal. He does not contend that the district court miscalculated the appropriate guidelines range. Rather, he argues that his sentence was substantively unreasonable because the district court placed too much emphasis upon the deterrent effect of a lengthy sentence for white-collar crime. Specifically, he notes that there is no empirical evidence to support a guidelines section that ties the length of sentence to the amount of loss caused by the fraud. In his view, the district court should have ignored that guidelines section on policy grounds and granted him a variance. Instead, the court sentenced him at the low end of the guidelines range.

In addition, defendant contends that the district court abused its discretion when it ordered him to give up his cable television subscription as part of his supervised release.

We affirm the judgment.

**I.**

Elizabeth Rainey worked as a supervisor in the claims department of Direct General. In that capacity, she would issue checks to satisfy legitimate claims. However, she abused this authority by entering false payment information into Direct General's claims management system, which resulted in the issuance of fraudulent checks that appeared to be related to legitimate claims. A number of individuals, including defendant, received fraudulent checks as part of this scheme. Defendant received 224 such checks during the conspiracy.

The base offense level for the crime of conviction, 18 U.S.C. § 371, was six. However, because the loss exceeded $400,000, an upward adjustment of fourteen levels was imposed pursuant to U.S.S.G. § 2B1.1(b)(1)(H).[1] He also received a four-point upward adjustment for his role in the offense, U.S.S.G. § 3B1.1(a), and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. The total offense level was 21. Defendant had no prior arrests or convictions and, hence, his guidelines range was between 37 and 46 months of incarceration. Although defense counsel did not object to the guidelines calculation, he filed a sentencing memorandum urging the district court to grant his client a variance because the guidelines section for the amount of loss, U.S.S.G. § 2B1.1(b)(1), results in sentences that are greater than necessary to satisfy the goals of sentencing.

---

[1]The 2010 version of the guidelines was used in this case.

At sentencing, defense counsel reiterated his argument in favor of a variance by taking issue with U.S.S.G. § 2B1.1(b)(1)(H), which prescribes a fourteen-level increase in the base offense level if the amount of loss is more than $400,000 but less than $1,000,000. First, he argued that the guidelines section was not based upon any empirical data. When that is the case, the Supreme Court has recognized that a district court may "vary from the Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines." *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal alterations and quotation marks omitted). Counsel went on to note that the penalties associated with the guidelines section had been raised substantially since 1987, when they called for only an eight-level increase. If the 1987 version was used, then the guidelines range for defendant would fall dramatically to 18 to 24 months of imprisonment. That consideration, coupled with the other sentencing factors listed in 18 U.S.C. § 3553(a), justified a sentence of time served coupled with house arrest. According to counsel, this approach would also permit defendant to return to work and begin making inroads on restitution.

The court responded by noting that even were defendant to pay 10% of his income over many years, he would not come close to paying back the amount stolen. The judge then asked defendant where the money had gone and received this response:

> Mostly drugs. I had an Oxycontin addiction, and on the street, each one was around $40 a piece, and I was taking two a day. That's where most of it went. Other than that, it was just basically us being a lower middle class family living like an upper middle class family.

The court recognized the Oxycontin problem and the complexity of addiction. It went on to summarize defendant's criminal activity, which spanned a number of years, included many checks,

and involved several individuals. However, the court also recognized that defendant had no criminal history, appeared to be a "hard working guy," and was "genuinely regretful of the conduct."

That said, the court observed that a sentence has to reflect the seriousness of the offense and also provide just punishment. Specifically, it focused on deterrence, which it recognized as an important sentencing factor, noting that "[t]he government makes a pretty good argument, in order to get some deterrence, maybe you ought to be at the three and four-year level to get any deterrence at all." The judge also acknowledged the studies submitted by defense counsel, which concluded that longer sentences had little deterrent effect in white collar crimes.

The court then reviewed the other factors—protection of the public and the need for vocational training—before pronouncing sentence:

> [I]n order to meet the objectives under 18 U.S.C., Section 3553(a), that's the objective of deterring others from committing these crimes, the objective of punishing the conduct that occurred, considering the amount of money that was taken, the objective under the guidelines of giving honor to the guidelines . . . the sentence in this case that is necessary because of the repetitive nature of the conduct, . . . many checks over a long period of time, no justification of any kind that would be a legal justification at all, is that we should impose the minimum sentence under the guidelines . . . the 37 months.

The court also imposed a three-year period of supervised release while discussing defendant's release, the court stated: "I'm going to require that you do a few things, like cancel cable TV, the whole United States and your neighbor and every other taxpayer and every other premium payer can't understand why you have got cable TV." The court went on to rule favorably on other matters: it allowed defendant to report to prison voluntarily; it waived interest on the $744,192.48 amount

of restitution; and it agreed to recommend a 500-hour drug treatment program. Defense counsel did not object to any of the court's rulings.

**II.**

1. Substantive Reasonableness

Sentences can be challenged for both procedural and substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The former is concerned with whether the district court properly calculated the guidelines, adequately considered the sentencing factors listed in § 3553(a), properly explained the sentence, and recognized that the guidelines were no longer mandatory. *Id.* Substantive reasonableness, on the other hand, involves general balance and fairness. *See United States v. Benson*, 591 F.3d 491, 500 (6th Cir. 2010). We consider whether the district court imposed the sentence arbitrarily, failed to consider relevant sentencing factors, or gave an unreasonable amount of weight to a particular factor. *Id.*; *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citing *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). We review both procedural and substantive reasonableness for an abuse of discretion. *Gall*, 552 U.S. at 51. Moreover, an appellate court may, but is not required to, apply a presumption of reasonableness to a sentence within the guidelines range. *Id.*; *Rita v. United States*, 551 U.S. 338, 347-48 (2007).

Defendant focuses upon the district court's emphasis on deterrence to justify its sentence. Counsel stressed at sentencing that academic studies had repeatedly concluded that longer prison terms do not have a significant deterrent effect upon white-collar criminals. While the district court acknowledged the existence of such studies, it did not accord them a great deal of weight. Instead, it relied upon its own belief that significant prison terms are required in the white-collar context.

While it is true that a district court may place less emphasis on a guidelines section that was not promulgated by the Sentencing Commission based upon its usual practice of mustering empirical data and sounding the judiciary for is own past practices, it is not required to do so. *Kimbrough*, 552 U.S. at 108-10; *see Pepper v. United States*, 131 S. Ct. 1229, 1247 (2011) ("[O]ur post-*Booker* decisions make clear that a district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views."). Our review of the sentencing hearing indicates that the district court provided a detailed rationale for its sentence. Among the factors considered by the court were the nature of the offense (an extended conspiracy lasting for years and involving many individuals), deterrence, defendant's personal characteristics (a family man and a "hard working guy"), the need for vocational training and treatment (recommendation for a 500-hour substance abuse program), and protection of the public. In short, the district court considered all of the factors contemplated by the guidelines and § 3553(a). While deterrence was undoubtedly important, it was not overly emphasized in light of all the other aspects of the case that the court considered.

Moreover, the court recognized that it could, if it chose to do so, accept the argument for a shorter sentence argued by counsel. It opted not to do so. Had it granted the variance, we would likely affirm that decision given that we review for an abuse of discretion. On the other hand, there is no abuse of discretion in a decision *not* to grant a variance. A within-guidelines sentence is presumptively reasonable. Furthermore, the court clearly considered defendant as an individual, expressed sympathy for his struggle with addiction, listened to his story, granted him discretionary

benefits, such as self-surrender, and sentenced him at the bottom of the guidelines range. This is not a sentence that could be termed arbitrary, and it is not substantively unreasonable.

2. Terms of Supervised Release

The district court stated at the sentencing hearing that defendant could not continue to have a cable television subscription. It is unclear whether the court intended that to be a condition of supervised release, because it is not listed as a condition in the judgment.

We need not reach this issue because it is not ripe for review. In *United States v. Lee*, 502 F.3d 447 (6th Cir. 2007), a defendant was convicted of using a computer to persuade a young girl to engage in sexual acts. He pleaded guilty and the sentencing court included as a condition of supervised that the defendant may have to participate in a sex offender treatment program. *Id.* at 448. This court held that the defendant would be better served if his direct appeal of that condition was deferred until his release from prison when he could challenge it under 18 U.S.C. § 3583(e). *Id.* at 451. A similar rationale applies here. Because it is unclear whether the forfeiture of cable television is a condition of supervised release, we will not entertain a challenge to it unless it is enforced. At that time, defendant may contest it under § 3583(e).

**III.**

The judgment is **affirmed**.